IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:13cr20-FDW

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) CONSENT ORDER AND
) JUDGMENT OF FORFEITURE
RONNIE LORENZO ROBINSON, JR., ) PENDING RULE 32.2(c)(2)
)
Defendant. )

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- One 2004 Land Rover Range Rover HSE with VIN SALME11494A164009;
- One 2007 Chevrolet Suburban with VIN 3GNFK16387G142749;
- Approximately $10,877.70 in funds seized from State Employees' Credit Union (SECU) Share Account XXXX-4536, such account held in the name of an individual identified herein as NMR;
- One 1 5/8 carat oval ladies diamond 14 WG semi-mounting;
- One 2007 Mercedes S550 with VIN WDDNG71X37A104594;
- One 1972 Chevrolet Malibu with VIN 1D37H2R601141;
- One 2006 Chrysler 300 with VIN 2C3LA43RX6H286573;
- Approximately $601,741.31 in funds seized from Northwestern Mutual Life Insurance Company account #XXXX-6650, such account held in the name of Ronnie L Robinson Jr.;
- Approximately $44,320.48 in funds seized from Bank of America personal savings account #XXXX-XXXX-6585, such account held in the name of Ronnie L Robinson Jr.;

1

- **Approximately $6,272.05 in funds seized from Bank of America personal savings account #XXXX-XXXX-9380, such account held in the name of Ronnie L Robinson Jr.;**
- **Approximately $7,250.30 in funds seized from Bank of America account #XXXX-XXXX-7329, such account held in the name of Peaceful Alternative Resources, Inc., with a lone signatory of Ronnie Robinson; and**
- **A forfeiture money judgment in the amount of $3,057,377.03, such amount constituting the proceeds of offenses set forth in the Bill of Information.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation

5. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed

above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
RONNIE LORENZO ROBINSON, JR.
Defendant

_____
C. MELISSA OWEN, ESQ.
Attorney for Defendant

Signed this the 3rd day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

3